UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. CR417-90 |
| | ) | |
| MICHAEL BRIAN ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Currently before the Court is the unopposed motion for extension of time in which to file pretrial motions filed by the defendant, Michael Brian Anderson. In that motion, Anderson asks for an additional 24 days in which to file pretrial motions, up to and including August 9, 2017. For the reasons below, the Court GRANTS that motion.

At the initial appearance and arraignment on May 17, 2017, the Court gave Anderson 60 days in which to file pretrial motions, but he has identified 24 days in which he had access to none of the discovery or lacked an apparently sizeable portion of it. Given this fact, the Court finds that a 24 day extension of the pretrial motions deadline is appropriate. It further finds that the 24 additional days constitute excludable delay under 18 U.S.C. §3161(h) and that the ends of justice

served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Specifically, the Court initially granted Anderson's motion for a 60 day discovery and pretrial motions period based upon the voluminous discovery and novel legal issues presented, and 24 of those 60 days have involved either no provision of discovery or the omission of voluminous records. Without having full opportunity to review documents disclosed by the government for the first time on July 6, 2017, counsel cannot represent her client effectively in the critical pretrial motions stage. The case is unusual in that there apparently have been no other prosecutions grounded on this particular tariff statute, and even with the discovery provided, counsel represents that she has identified a number of substantive grounds that must be fleshed out at the pretrial motions stage. Without these additional days, it would be "unreasonable to expect adequate preparation for pretrial proceedings" as contemplated by 18 U.S.C. §3161(h)(7)(B)(ii). Even if this case does not fall within (ii), the failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" under 18 U.S.C. §3161(h)(7)(B)(iv). Defense counsel has exercised due diligence, first contacting the government about the missing discovery on June 19, 25 days after she first received the initial production.

For these reasons, the Court GRANTS Anderson's motion and orders that the Clerk reset the pretrial motions deadline to August 9, 2017.

SO ORDERED this 11th day of July, 2017.

UNITED STATES MAGISTRATE JUDGE

Order prepared by

Amy Lee Copeland
Georgia Bar No. 186730
Attorney for defendant