U. S. DISTRICT COURT
Southern District of GA
Filed in Office

12|28|201-7
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR417-090 |
| | ) | |
| MICHAEL BRIAN ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 60), to which objections have been filed (Doc. 62). After careful de novo review of the record in this case, the report and recommendation is **ADOPTED** as the Court's opinion. Accordingly, Defendant's Motion to Dismiss for Pre-indictment Delay (Doc. 34), Motion to Dismiss Counts One through Four (Doc. 35), and Motion to Suppress (Doc. 29) are **DENIED**. Defendant's various discovery motions are **GRANTED**. (Docs. 21, 30, 31, 32, 33.) Due to the amount of objections filed in this case, however, the Court will specifically address some of Defendant's objections to the report and recommendation.

I. MOTION TO SUPPRESS

In the report and recommendation, Magistrate Judge Smith recommends that Defendant's Motion to Suppress and included request for a Franks hearing be denied. In his objections, Defendant contends that he is entitled to a Franks hearing to

determine whether an affidavit used to secure various search warrants was valid. Defendant contends that the warrants were based on an invalid affidavit created by Agent Scott McCormack. Defendant argues that the affidavit contained four material omissions and misrepresentations.

In his report and recommendation, Magistrate Judge Smith considered each of these statements or omissions. He concluded that even if some of the facts in the affidavit were misrepresented or omitted, Defendant failed to show that the statements were made or omitted with the requisite level of intent. Additionally, Magistrate Judge Smith found that probable cause existed even when accounting for any misrepresentations or omissions. As a result, Magistrate Judge Smith concluded that there was no reason to hold a Franks hearing and that Defendant's Motion to Suppress should be denied.

The Court agrees with Magistrate Judge Smith's recommendation. As noted in the report and recommendation, a defendant is entitled to a Franks hearing to consider the sufficiency of an affidavit only if the defendant is able "to [1] make 'a substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit' and [2] demonstrate that the allegedly false statement was necessary to the finding of probable cause." (Doc.

60)(quoting Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). In this case, Defendant contends that four misstatements and omissions in the affidavit were made with the requisite level of intent. Defendant's argument, however, is unconvincing. Regardless of Agent McCormack's intent, the Court is unconvinced that these misstatements or omissions were material. The Court finds that even excluding the misstatements or omissions, there was still enough information in the affidavit to establish probable cause. Accordingly, Magistrate Judge Smith's recommendation is **ADOPTED** and Defendant's Motion to Suppress is **DENIED**.

II. MOTION TO DISMISS FOR PRE-INDICTMENT DELAY

Defendant also objects to Magistrate Judge Smith's finding that there was no pre-indictment delay that would justify dismissing the indictment in this case. Defendant contends that there were over two years between the finalization of the investigation in this case and when an indictment was actually filed. He argues that this delay prejudiced his ability to adequately prepare a defense and should, therefore, result in a dismissal of the indictment. In his report and recommendation, Magistrate Judge Smith found that any delay was the result of an ongoing investigation and that any resulting prejudice was speculative.

Again, the Court agrees with Magistrate Judge Smith's recommendation. As noted in the report and recommendation, "[d]ue process may require the dismissal of an otherwise timely indictment, if a defendant [1] establishes substantial prejudice and [2] the delay was the product of a deliberate act by the government to gain a tactical advantage." (Doc. 60)(citing United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996)). In this case, Defendant contends that he was prejudiced by the two-year delay because certain witnesses that could have testified on his behalf died during the ongoing investigation. He argues that without the witnesses he is now limited in his ability to form his own defense to the charges alleged in the indictment.

After reviewing the record, the Court agrees with Magistrate Judge Smith that the prejudice caused by any delay pre-indictment is speculative at best. More importantly, however, the Court finds that Defendant has failed to show that the Government delayed in order to seek a tactical advantage. In his objections, Defendant cites an email sent by Agent McCormack as evidence that the Government sought a tactical advantage in this case. (Doc. 62, Attach. 5.) The email, sent to McCormack's successor, provided: "These are the people we got the Anderson lead from. Maybe update them once he pleads guilty and the amount of restitution." (Id.) Additionally, Defendant cites

4

discovery delays in this case to show that the Government has attempted to seek a tactical advantage over Defendant's ability to prepare a defense.

The Court does not agree that these facts evidence the need to dismiss charges against Defendant due to a pre-indictment delay. Regardless of the veracity of Defendant's contention that there have been discovery delays or that Agent McCormack sent the cited email, these facts do not show that the Government sought a tactical advantage through any pre-indictment delay. Defendant has not met his burden to show that the Government sought a tactical advantage. Accordingly, the report and recommendation as to the Motion to Dismiss for Pre-indictment Delay is **ADOPTED**.

III. DISCOVERY MOTIONS

In the report and recommendation, Magistrate Judge Smith also recommends granting Defendant's various requests for discovery. In his objections, however, Defendant asks this Court to direct the Government to comply with discovery obligations. It is unclear what additional intervention Defendant is seeking from the Court. As a result, this Court is unable to provide any further relief. However, Magistrate Judge Smith's recommendation to grant the various discovery requests is **ADOPTED**.

## CONCLUSION

For the foregoing reasons, the report and recommendation is **ADOPTED** as the Court's opinion in this case.[1] Accordingly, Defendant's Motion to Dismiss for Pre-indictment Delay (Doc. 34), Motion to Dismiss Counts One through Four (Doc. 35), and Motion to Suppress (Doc. 29) are **DENIED**. Defendant's various discovery motions are **GRANTED**. (Docs. 21, 30, 31, 32, 33.)

SO ORDERED this 28th day of December 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Magistrate Judge Smith also recommends that this Court deny Defendant's Motion to Dismiss Counts One through Four of the indictment. In his motion, Defendant argued that the indictment failed to specify which of Defendant's actions violated the statutory section for mail fraud. As a result, Defendant argued that he was entitled to dismissal of various counts of mail fraud. Magistrate Judge Smith rejected this argument and found that the indictment was "sufficient on its face to apprise [Defendant] 'with reasonable certainty[] of the nature of the accusation against him.'" (Doc. 60)(quoting United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)). Defendant has raised no objection to this finding. Accordingly, the Court **ADOPTS** Magistrate Judge Smith's conclusion and Defendant's Motion to Dismiss Counts One Through Four is **DENIED.**