FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAY 24 PM 3: 20
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> MICHAEL BRIAN ANDERSON, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. CR417-090 |

## <u>O R D E R</u>

Before the Court are Defendant's Motion for Judgment of Acquittal (Doc. 126) and Motion for New Trial (Doc. 127). After careful consideration, Defendant's motions are **DENIED**.

### BACKGROUND

On May 3, 2017, Defendant Michael Brian Anderson was indicted for an alleged fraud scheme perpetrated against the United States. (Doc. 1.) According to the indictment, Defendant "completed and mailed multiple false certifications to [United States Customs and Border Protection] relating to his supposed shrimping expenses, and fraudulently caused the U.S. government to pay him over $700,000 to which he was not entitled." (Id. at 2.) Ultimately, Defendant was indicted on nine counts related to his alleged fraud scheme—four counts of Mail Fraud in violation of 18 U.S.C. § 1341 (Counts One, Two, Three, and Four); three counts of making False Statements in violation of 18 U.S.C. § 1001 (Counts Five, Six, and Seven); and two counts

of Money Laundering Transactions Over $10,000 in violation of 18 U.S.C. § 1957 (Counts Eight and Nine). (Id. at 2-8.)

Defendant's trial began on March 19, 2018. (Doc. 111.) At trial, the Government presented evidence that Defendant falsified and mailed forms to United States Customs and Border Protection in order to obtain money allotted for shrimpers under the Continued Dumping and Subsidy Offset Act. Most relevant to this order, however, are the facts surrounding the jury instructions and the parties' closing arguments.

Five days prior to trial, the Court provided a copy of proposed jury instructions to the parties. (See Doc. 136, Attach. A.) In the proposed mail fraud instruction, the draft jury charges provided that the Government, as one of the elements of mail fraud, must prove beyond a reasonable doubt that "the Defendant used the United States Postal Service by mailing or causing to be mailed something meant to help carry out the scheme to defraud." (Id. at 6.) Pursuant to Federal Rule of Criminal Procedure 30, the Court held a charge conference following the first day of trial to discuss the proposed charges. Neither party objected to the Court's proposed instruction.

During closing arguments, however, defense counsel argued that Defendant could not be convicted on Counts One, Three, or

Four, according to the Court's proposed jury instructions, because the Government failed to prove that Defendant mailed or caused to be mailed documents via the United States Postal Service ("U.S. Postal Service"). Instead, defense counsel argued that the Government only presented evidence that Defendant used the United Parcel Service ("UPS") in furtherance of the alleged scheme. At the conclusion of defense counsel's closing statement, the Court altered the proposed jury instructions. The Court inserted into the existing draft of the jury charges that the Government could also prove that Defendant violated the mail fraud statute by showing that the Defendant used "a private or commercial interstate carrier by depositing or causing to be deposited with the carrier" some mailing meant to further his scheme to defraud. (Doc. 114 at 6.) Defense counsel objected to the added instruction and requested a curative instruction explaining that the draft charges were altered only after her argument. The Court denied the request and used the updated jury charges to instruct the jury. Ultimately, Defendant was convicted on all nine counts. (Doc. 119.)

Now, Defendant Anderson has filed a Motion for Judgment of Acquittal (Doc. 126) and Motion for a New Trial (Doc. 119). Although filed separately, Defendant essentially makes the same

3

arguments in both motions. As a result, the Court will consider both motions simultaneously.

In his motions, Defendant first contends that he is entitled to relief because the Court's instruction to the jury constituted a constructive amendment to the charges alleged in the indictment. (Doc. 126 at 9; Doc. 127 at 6.) In his view, when the Court instructed that the jury could consider evidence that Defendant used a private carrier, the Court essentially amended the indictment and improperly broadened the basis for which he could be convicted. (Id.) Secondly, Defendant argues that even if the Court does not find that the instruction created a constructive amendment of the indictment, the Court's instruction and evidence presented at trial at the very least constituted a material variance of the facts as alleged in the indictment. (Doc. 126 at 5; Doc 127 at 6.) Here, Defendant asserts that the indictment alleged that he used the U.S. Postal Service and that any evidence he used a different carrier is a material variance from the facts stated in the indictment. (Id.) Finally, Defendant argues that the Court's decision to alter the proposed jury instruction violated Federal Rule of Criminal Procedure 30(b), which requires a judge to provide jury

instructions to the parties prior to their closing arguments. (Doc. 126 at 8; Doc 127 at 4-10.)[1]

In response, the Government argues that there was no constructive amendment or material variance to the indictment when the Court instructed the jury that it could consider proof of a private carrier to satisfy the mailing element of the mail fraud statute. (Doc. 132.) In the Government's view, the indictment never asserted that Defendant only used the U.S. Postal Service. (Id. at 9.) Instead, the Government contends that the indictment alleged that Defendant more generally used multiple forms of mailings in furtherance of his scheme. (Id. at 9-10.) Moreover, the Government argues that Defendant suffered no harm by the Court's alteration and, therefore, should not be entitled to any relief. (Id. at 18.)

## ANALYSIS

I. CONSTRUCTIVE AMENDMENT

Defendant first argues that he is entitled to a new trial because the Court's instruction to the jury constituted a constructive amendment of the charges in the indictment. (Doc.

---

[1] In his Motion for Judgment of Acquittal, Defendant also asserts that he "made general sufficiency challenges to the evidence at trial, and he renews those challenges here." (Doc. 126 at 1.) To the extent that Defendant is raising any sufficiency of the evidence claim outside of the challenge related to Counts One, Three, and Four and the use of the United States mail, that challenge is rejected. After careful review of the evidence, the Court is satisfied that the jury's verdict in this case was supported by sufficient evidence presented at trial.

5

126 at 9; Doc. 127 at 6.) In his view, by instructing the jury that the Government could prove Defendant violated the mail fraud statute by showing that he used or caused a private carrier to be used, the Court essentially changed the crime for which he was indicted. (Id.) In response, the Government asserts that there was no amendment to the indictment because the evidence presented at trial and the allegations in the indictment were the same. (Doc. 132 at 9-10.)

A constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Keller, 916 F.2d 628, 635 (11th Cir. 1990). If the Court finds that there was a constructive amendment to the indictment, the amendment would constitute a per se reversible error that would require this Court to either grant Defendant a new trial or acquittal on Counts One, Three, and Four. Id. at 633 (citing United States v. Figueroa, 666 F.2d 1375, 1379 (11th Cir. 1982)). In this case, Defendant is unable to show that there was a constructive amendment to the mail fraud counts detailed in the indictment.

As a starting point, the indictment never specified that Defendant used the U.S. Postal Service to devise his scheme to defraud the Government. Instead, the indictment referenced "mailings" throughout a detailed account of the Defendant's

purported scheme and referred more generally to the "United States mail." (Doc. 1 at 4.) In the Court's view, the phrasing by the indictment did not mean that the Government could only prove Defendant's guilt by evidence that showed he mailed or caused to be mailed various false documents by use of the U.S. Postal Service. Instead, the phrasing in the indictment more broadly encompassed both the U.S Postal Service and other private carriers—including UPS. See United States v. Tiller, 302 F.3d 98, 101 n.2 (3d Cir. 2002) ("We use the term "mail" and "mailing" to include any mode of delivery covered by the mail fraud statute."). Because the indictment allowed evidence that Defendant used different carrier services, there has been no constructive amendment between the crime alleged in the indictment and the evidence presented at trial.

Moreover, the entire purpose of the constructive amendment doctrine is to ensure that a defendant is not convicted of a crime that was not considered by the grand jury when deciding to indict the defendant. Stirone v. United States, 361 U.S. 212, 215-16 (1960). In determining whether a constructive amendment occurred, other courts have considered whether the "gist" or the "basic theory" of the crime alleged in the indictment was altered by the proof offered at trial. United States v. De Calvalcante, 440 F.2d 1264, 1272 (3d Cir. 1971). In this case, the Court finds that the evidence offered at trial conformed to

the basic theory of the scheme as alleged in the indictment. The indictment alleged that Defendant orchestrated a scheme to defraud the Government by use of the mails. (Doc. 1.) The indictment listed specific mailings that the Defendant allegedly sent in furtherance of his scheme. (Id. at 4.) The proof offered at trial substantially aligned with the facts alleged in the indictment. In the Court's view, the evidence offered at trial clearly tracked the basic theory and gist of the facts considered and indicted by the grand jury. As a result, there was no constructive amendment to the indictment in this case.

## II. MATERIAL VARIANCE

Alternately, Defendant argues that even if the Court's instruction and the evidence offered at trial did not constitute a constructive amendment of the indictment, he is entitled to relief because there was at least a material variance between the indictment and the evidence presented at trial. (Doc. 126 at 5; Doc. 127 at 6.) In his motion, Defendant again highlights that the indictment stated that Defendant operated his scheme by use of the "United States mail." (Id.) In his view, it was a material variance when the Government instead offered evidence that Defendant mailed or caused to be mailed documents via UPS. (Id.) Defendant's arguments, however, again fail for the same reasons as discussed above.

Unlike a constructive amendment that occurs when the elements of an offense are altered, "[a] material variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." Keller, 916 F.2d at 634. "The standard of review for whether there is a material variance between the allegations in the indictment and the facts established at trial is twofold: First, whether a material variance did occur, and second, whether the defendant suffered substantial prejudice as a result." United States v. Landers, 668 F.3d 1289, 1295 (11th Cir. 2012).

As discussed above, the Court does not find that there was any difference between the allegations in the indictment and those proven at trial. While the indictment frequently referenced "mailings" and the "United States mail," nothing in the indictment required the Government to prove that any mailings occurred by use of the U.S. Postal Service. (Doc. 1 at 4.) Instead, the indictment was broadly written as to allow evidence that Defendant used multiple forms of mailings. Accordingly, there was no material variance between the proof offered at trial and the indictment.

Further, even if there was a material variance, Defendant suffered no prejudice as a result of any purported variance. United States v. Caporale, 806 F.2d 1487, 1500-01 (11th Cir.

1986) (finding that there was no prejudice due to any purported material variance because the defendants were "clearly on notice as to the nature of the charges against them and the variance did not affect their ability to prepare a defense"). The indictment in this case clearly charged Defendant Anderson with mail fraud, and provided specific dates and information related to the alleged mailings underlying those charges. (Doc. 1 at 4.) As a result, Defendant had clear notice of the allegations against him and was, therefore, afforded an opportunity to prepare his defense. Even if a variance existed between the facts as alleged in the indictment and the facts shown at trial, Defendant is unable to show that any such variance prejudiced his ability to properly defend himself. As a result, Defendant has failed to show that a material variance from the facts as alleged in the indictment warrants a new trial or acquittal on Counts One, Three, and Four.

III. FEDERAL RULE OF CRIMINAL PROCEDURE 30(B)

Finally, Defendant argues that he is entitled to a new trial because the Court failed to comply with Federal Rule of Criminal Procedure 30(b) when the Court altered the jury instructions. (Doc. 127 at 8; Doc. 127 at 4-10.) Defendant contends that by inserting the clarifying instruction as to the use of a private carrier, the Court effectively impaired the

effectiveness of his defense counsel's closing argument. (Id.) After careful review, the Court does not agree.

According to Federal Rule of Criminal Procedure 30(b), a "court must inform the parties before closing arguments how it intends to rule on the requested instructions." Although parties should be provided with jury charges prior to closing arguments, courts still "retain[] power to remedy omissions in pre-argument instructions or to add instructions necessitated by the arguments." Fed. R. Crim. P. 30 advisory committee's notes. Ultimately, the Eleventh Circuit "requires substantial compliance with Rule 30 [and] a conviction will be reversed due to a violation of the Rule only where a defendant establishes prejudice." Pena v. United States, 897 F.2d 1075, 1084 (11th Cir. 1990).

In this case, the Court has sufficiently complied with its obligation under Federal Rule of Criminal Procedure 30(b). The Court provided the parties with draft jury charges five days prior to trial. (Doc. 126, Attach A.) The Court then held a charge conference following the first day of trial and there were no objections by either party to the mail fraud instruction. After hearing defense counsel's closing statement, which did not conform to either the indictment or the law, the Court then corrected the proposed draft charges. (Doc. 114.) In light of defense counsel's argument, the Court had an obligation

to ensure that that the jury was properly instructed. Pena, 897 F.2d at 1085 (noting that "the requirements of Rule 30 [do not] function as a limitation on the district court's obligation to inform the jury of the law which properly governs a case"). As a result, the Court does not find it violated Rule 30(b) by correcting the jury instructions in this case.

## CONCLUSION

For the foregoing reasons, Defendant is not entitled to either a new trial or a judgment of acquittal. Accordingly, Defendant's motions are **DENIED**.

SO ORDERED this 24th day of May 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA