UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | CR417-090 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL BRIAN ANDERSON | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on May 2, 2017, a federal grand jury sitting in the Southern District of Georgia returned a nine-count Indictment against Defendant Michael Brian Anderson (hereinafter, the "Defendant") charging violations of 18 U.S.C. § 1341 (Counts One through Four – Mail Fraud), 18 U.S.C. § 1001(a)(3) (Counts Five through Seven – False Statements), and 18 U.S.C. § 1957(a) (Counts Eight and Nine – Money Laundering Transactions over $10,000);

WHEREAS, the Indictment sought forfeiture pursuant 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c) of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses as set forth in Counts One through Four of the Indictment as well as any property, real or personal, involved in such offense or any property traceable to such property as set forth in Counts Eight and Nine of the Indictment, including but not limited to, a money judgment equal to, the proceeds Defendant obtained as a result of the offenses in violation of 18 U.S.C. § 1341 set forth in Counts One through Four of this Indictment, and the value of all property involved in the money laundering offenses set forth in Counts Eight and Nine of this Indictment, more specifically:

- Edward Jones Investment Account # 987-99203-1-0 in the name of Michael B. Anderson,

- Edward Jones Investment Account # 987-16940-1-2 in the names of Michael Brian Anderson and Marilyn Marie Anderson,

- Wells Fargo Advisors Account # 2469-9267 in the name of Colony Bank Collateral Account, FBO Michael B. Anderson and Marilyn M. Anderson, JTWROS, and

- The vessel known as MV Emily and Anna-Marie, Official Number 520796,

(collectively, the "Subject Property);

WHEREAS, the Indictment further provided for the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, on March 21, 2018, following a jury trial, Defendant was found guilty on all nine counts of the Indictment charging Mail Fraud in violation of 18 U.S.C. § 1341, False Statements in violation of 18 U.S.C. § 1001, and Money Laundering Transactions Over $10,000 in violation of 18 U.S.C. § 1957;

WHEREAS, Defendant knowingly and voluntarily waived his right to retain the jury to determine the forfeitability of the Subject Property; and

WHEREAS, on May 8, 2018, this Court entered Consent Order Resolving Government's Motion for Restraining Order to Preserve Assets for Restitution wherein Defendant agreed, among other things, to use his best efforts to facilitate a private sale of his shrimp boat (the vessel known as MV Emily and Anna-Marie,

Official Number 520796) in an amount and on terms mutually agreeable to the government, but said vessel remains unsold.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject

Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: Aug. 30, 2018

WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA